**Noa Emmett ALULI et al.,
Plaintiffs-Appellees,**

v.

**Harold BROWN, Secretary of Defense, et al., Defendants-Appellants.**

No. 78–1364.

United States Court of Appeals,
Ninth Circuit.

July 9, 1979.

Rehearing Denied Aug. 13, 1979.

Thomas A. Morrison, Sp. Asst. U. S. Atty., Honolulu, Hawaii, for defendants-appellants.

Joel E. August, Legal Aid Society of Hawaii, Wailuku, Maui, Hawaii, for plaintiffs-appellees.

Before BROWNING, CHOY and HUG, Circuit Judges.

PER CURIAM:

In this action environmentalists challenged the Navy's use of the Hawaiian island of Kahoolawe for military operations. The district court issued broad injunctive relief against the Government designed to protect the Kahoolawe environment. The Government has appealed as to that portion of the injunctive order requiring it "to file an environmental impact statement annually so long as [it] shall continue to bomb Kahoolawe." 437 F.Supp. 602, 612 (D.Hawaii 1977). The District court concluded that this relief was warranted because each yearly appropriation request for money to conduct Kahoolawe operations constituted a "proposal for major Federal action" requiring preparation of an environmental impact statement under § 102(2)(C) of the National Environmental Policy Act of 1969, 42 U.S.C. § 4332(2)(C).[1] 437 F.Supp. at 607. In so holding the district court erred.

---

1. Section 102(2)(C) provides:

The Congress authorizes and directs that, to the fullest extent possible . . . (2) all agencies of the Federal Government shall—

.    .    .    .

(C) include in every recommendation or report on *proposals for legislation and other major Federal actions significantly affecting the quality of the human environment,* a detailed statement . . . on—

In *Andrus v. Sierra Club,* —— U.S. ——, 99 S.Ct. 2335, 60 L.Ed.2d 943 (1979), the Supreme Court considered "whether § 102(2)(C) of the National Environmental Policy Act of 1969 . . . requires federal agencies to prepare environmental impact statements . . . to accompany appropriation requests." *Id.* at ——, 99 S.Ct. at 2336. The Court concluded "that appropriation requests constitute neither 'proposals for legislation' nor 'proposals for . . . major Federal actions,' and that therefore the procedural requirements of § 102(2)(C) have no application to such requests." *Id.* at ——, 99 S.Ct. at 2345.

Therefore, the district court's judgment is reversed and its order vacated insofar as it requires the Government to prepare yearly environmental impact statements to accompany appropriation requests.

REVERSED.

(i) the environmental impact of the proposed action . . . . .
(Emphasis added.)